EDOK Criminal Complaint (Revised 6/13)

# United States District Court

## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL COMPLAINT** |
| *Plaintiff,* | |
| **v.** | **Case No.**  21-MJ-321-KEW |
| **DALYN RAY LANE JOHNSON,** | |
| *Defendant.* | |

I, Eric Booker, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about May 1, 2021, in the Eastern District of Oklahoma, defendant(s) violated Title 18, United States Code, Sections 81, 1151, and 1153, an offense described as follows: arson in Indian Country.

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and that this complaint is based on the following facts:

(See attached Affidavit of Eric Booker, which is attached hereto and made a part hereof by reference.)

☒        Continued on the attached sheet.

_____

Special Agent Eric Booker, ATF
Complainant

Sworn to before me and subscribed in my presence at: MUSKOGEE, OKLAHOMA

Date: August 2, 2021

**UNITED STATES MAGISTRATE JUDGE**
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



## AFFIDAVIT

I, Eric Booker, being first duly sworn, hereby depose and state as follows:

## AGENT BACKGROUND AND INTRODUCTION

1.      I am Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since June 2001.  I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy, both in Glynco, Georgia.   In addition to this formal training, I have also received extensive informal training, related to the investigations of firearms, explosives, and arson violations, through my involvement in numerous investigations.

## PROBABLE CAUSE

2.      The statements contained in this Affidavit are based in part on information provided by other agencies; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; independent investigation; and my experience, training, and background as a Special Agent with the ATF. Because this Affidavit is being submitted for the limited purpose of establishing probable cause to believe that DALYN RAY LANE JOHNSON (JOHNSON) committed the below-described offense, I have not included every detail of the investigation.  In addition, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part.

The following is true to the best of my knowledge and belief:

3. As will be shown below, there is probable cause to believe that JOHNSON committed the offense of ARSON IN INDIAN COUNTRY, in violation of Title 18, United States Code, sections 81, 1151, and 1153, which occurred within the territorial boundaries of the Choctaw Nation Reservation.

1

4. VENUE:  The facts and circumstances alleged in this affidavit occurred in Hartshorne, Oklahoma, within the Eastern District of Oklahoma.  The facts and circumstances occurred within the special maritime and territorial jurisdiction of the United States and in Indian Country, to wit, the Choctaw Nation Reservation.

5. DEFENDANT:  The defendant is DALYN RAY LANE JOHNSON (DOB XX/XX/1998 SSN: XXX-XX-4156), hereinafter referred to as JOHNSON.  JOHNSON is an Indian and is an enrolled member of the Choctaw Nation of Oklahoma (Membership # XXXXX7981).

6. OFFENSE:  On or about May 1, 2021, JOHNSON, with malice aforethought, committed arson in Indian Country, in violation of Title 18, United States Code, sections 81, 1151, and 1153.

7. On May 1, 2021, at approximately 1:45 AM, the Hartshorne Fire Department and Hartshorne Police Department were dispatched to investigate a structure fire at 801 Carbon Avenue, Hartshorne, Oklahoma, within the jurisdictional boundaries of the Choctaw Nation Reservation and the Eastern District of Oklahoma.  The involved residence is a south-facing wood-frame structure with a gable-style roof and composition shingles.  The residence was not occupied but was in normal use at the time of the fire.

8. During the initial investigation by Hartshorne Police, M.S. was identified as the owner and resident of the house.  B.F. was also identified by police as an additional resident of the location and is the former girlfriend of JOHNSON.  M.S. provided written consent for investigators to enter the residence after the fire was extinguished by the fire department.

9. M.S. stated to investigators that he had multiple arguments with JOHNSON leading up to the night of the fire, and JOHNSON had threatened to burn down M.S.'s home the day before the fire.  B.F. told investigators that JOHNSON was unhappy their relationship had ended and constantly came to the residence to fight and make verbal threats of further violence.

2

10.     K.W., a friend of JOHNSON, was interviewed by Hartshorne Police and Oklahoma State Fire Marshal T. Griffin.  K.W. stated JOHNSON was supposed to go fight M.S. at 1:00 AM on May 1, 2021. JOHNSON asked K.W. to go with him to the fight; she declined.  K.W. stated to investigators that JOHNSON returned to K.W.'s residence at approximately 1:40 AM and stated to K.W. that he had just set a fire.  K.W. further told investigators that JOHNSON stated to her that he found the back door of the residence open but was unsure if anyone was home or was able to make it out of the residence after he set the fire.

11.     K.W. told investigators she had taken JOHNSON to Casey's Gas Station in Hartshorne three or four days before the fire.  She further told investigators that JOHNSON purchased gasoline, saying that he was going to use it to start a fire.  K.W. stated she initially did not believe this, but JOHNSON then repeated the threat, saying that he was going to burn M.S.'s house down.  The Oklahoma State Fire Marshal obtained video from Casey's Gas Station and confirmed that JOHNSON did purchase gasoline in a small gas container from the location. Oklahoma State Fire Marshal T. Griffin determined that the cause of the fire was arson.

## CONCLUSION

12.     Based on a review of this case and based on my knowledge and experience with violent crime in Indian Country, I, as your affiant, believe there is probable cause to believe that DALYN RAY LANE JOHNSON committed the offense of ARSON IN INDIAN COUNTRY, in violation of Title 18, United States Code, sections 81, 1151, and 1153.

Respectfully Submitted,

Eric Booker
Special Agent, ATF

Sworn before me this 2nd day of August 2021.

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA

4